UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC ERICSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00381-SDN |
| | ) | |
| SHERIFFS OF SOMERSET COUNTY JAIL, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Eric Ericson sued the Sheriffs of Somerset County Jail, among others, alleging various civil rights violations. ECF No. 1. The Court has not yet issued service to the Defendants because Mr. Ericson's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, which is currently pending before a Magistrate Judge. Mr. Ericson now moves for a temporary restraining order ("TRO")[1] requesting injunctive relief in the form of ordering the jail to provide him with several services and privileges at the jail. *See* ECF No. 5 at 1 (referencing his "addendum" with demands at ECF No. 4-2).

Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice to the adverse party only if two requirements are met. First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the "movant's attorney [must] certif[y]

---

[1] Mr. Ericson also requests a preliminary injunction. ECF No. 5. This Order addresses only Mr. Ericson's request for a temporary restraining order.

1

in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Those rules have a purpose. They "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus Rule 65(b)(1) "establish[es] minimum due process" standards, and parties must "strictly comply." *Pelletier v. Dep't of Corr.*, No. 22-CV-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022) (quoting *Strahan v. O'Reilly*, No. 22-CV-52, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022)).

Mr. Ericson has failed to comply with Rule 65(b)(1)'s requirements. He has not submitted any affidavits, his complaint is not verified, and he has not certified any efforts to notify the Defendants.[2] Accordingly, Mr. Ericson is not entitled to an *ex parte* TRO.

## CONCLUSION

For the foregoing reasons, the motion for a temporary restraining order, ECF No. 5, is **DENIED**. Because it is not ripe for adjudication at this stage, I **RESERVE RULING** on Mr. Ericson's request for a preliminary injunction.

**SO ORDERED.**

Dated this 24th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[2] While Rule 65(b)(1)(B) references a movant's attorney making such a certification, the rule also applies to unrepresented litigants like Mr. Ericson. *See Pelletier*, 2022 WL 3700671, at *1.