UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ERIC ERICSON,                    )
                                 )
        Plaintiff                )
                                 )
    v.                           )        1:25-cv-00381-SDN
                                 )
SHERIFFS OF SOMERSET             )
COUNTY JAIL, et al.,             )
                                 )
        Defendants               )

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without the prepayment of

fees, which application the Court granted.  (Complaint, ECF No. 1; Application, ECF No.

2; Order, ECF No. 3.)  In accordance with the statute that governs matters in which a

plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint

is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the

complaint unless within 14 days of the date of this recommended decision, Plaintiff amends

his complaint to address successfully the deficiencies identified herein.

**FACTUAL ALLEGATIONS**

Plaintiff alleges generally that he has been denied various rights, including his

constitutional rights, as a pretrial detainee in multiple jails and when transported while in

custody.  He alleges that the defendants failed to accommodate his disabilities, mistreated

him because of his disabilities, assaulted him, and placed him in solitary confinement for

an unreasonable length of time.  Plaintiff asks the Court to "punish" those responsible and award him monetary damages.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

2

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff's complaint fails for multiple reasons.[1]  First, Plaintiff has failed to identify which of the named defendants engaged in the alleged unlawful conduct.  To state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009).  In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.  Plaintiff has not described any relevant conduct of the defendants beyond the conclusory allegations that they are all responsible.  Legal conclusory allegations are "not entitled to the assumption of truth," *id.* at 680, and without further facts to support a plausible inference that the individuals had the requisite knowledge or involvement, Plaintiff has not asserted an actionable claim against them.

---

[1] The Court granted Plaintiff's motion to amend his complaint to add an additional defendant. (Order, ECF No. 13.)  The reference to the complaint in this recommended decision is to the complaint as amended.

The conclusory nature of most of the allegations also precludes Plaintiff from proceeding regardless of whether Plaintiff identified the defendant(s) against whom he asserts each allegation.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 678.  Accordingly, even if Plaintiff had alleged which defendant deprived him of his rights, failed to accommodate his disabilities, or assaulted him, without more facts regarding the alleged conduct, Plaintiff's complaint would be insufficient to support an actionable claim.  *See Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (stating a plaintiff must include "the crucial detail[s] of who, what, when, where, and how" in pleading).  The allegations "are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," and the alleged claims are therefore properly dismissed.  *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Finally, to the extent Plaintiff seeks to impose supervisory responsibility on the "sheriffs" joined by title as defendants, Plaintiff's complaint fails.  Vicarious liability does not apply in this context. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Because Plaintiff does not allege any actions which could generate a supervisory liability claim, *see, e.g.*, *Maldonado v. Fontanes*, 568 F.3d 263, 274–75 (1st Cir. 2009), Plaintiff has not alleged a claim against the "sheriffs" joined as defendants.

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter unless within

4

14 days of the date of this recommended decision, Plaintiff amends the complaint to address successfully the deficiencies identified herein.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of January, 2026.