UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ERIC ERICSON,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        1:25-cv-00381-SDN
                                           )
SHERIFFS OF SOMERSET                       )
COUNTY JAIL, et al.,                       )
                                           )
            Defendants.                    )

**ORDER AFFIRMING RECOMMENDED DECISION**

On January 7, 2026, the Magistrate Judge recommended dismissing Plaintiff Eric Ericson's complaint after preliminary review under 28 U.S.C. § 1915(e)(2). ECF No. 14 ("Recommended Decision"). Mr. Ericson objected to the Recommended Decision on March 16, 2026, ECF No. 20, which the Court considers timely for the purposes of this Order, *see* ECF No. 19. After de novo review of the Recommended Decision, the Court **AFFIRMS** and **ADOPTS** the decision and **DISMISSES** the case.

**BACKGROUND**

On July 21, 2025, Mr. Ericson filed a complaint against several institutional entities: the Sheriffs of Somerset County Jail, the Sheriffs of Cumberland County Jail, the Sheriffs of Strafford County Jail, the wardens of the "federal transfer center," the "federal medical center," the "federal trade center," the Wyatt detention facility, the U.S. Marshals, the "transportation deputies," the "air police," and the "air marshals." ECF No. 1. He subsequently amended his complaint to add defendants "Does 1–5" and Alternative Correctional Healthcare in Brunswick, Maine. *See* ECF Nos. 11, 13. The complaint and amended complaint generally allege that, while Mr. Ericson was a pretrial detainee in

1

multiple jails, the Defendants denied his rights by failing to accommodate his disabilities, interfering with his court and attorney access, and confiscating his personal property. *See* ECF No. 1 at 3. He also asserts various Defendants assaulted him "to cover up their crimes." *Id*.

## FAILURE TO STATE A CLAIM

Because Mr. Ericson proceeded in forma pauperis, the Magistrate Judge conducted a preliminary review of the complaint and amended complaint to determine whether they stated a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2). The Magistrate Judge's well-reasoned Recommended Decision concluded that Mr. Ericson failed to assert actionable claims because he did not identify individual defendants who allegedly violated his rights and his factual allegations were, at best, conclusory. *See* ECF No. 14 at 3–4. The Magistrate Judge recommended dismissing the complaint unless Mr. Ericson amended the complaint within fourteen days of the Recommended Decision to address the identified deficiencies. *See id* at 4–5. Mr. Ericson has not moved to file a second amended complaint, but he filed an objection to the Recommended Decision, wherein he asserts he purposefully decided not to go into detail on his claims, in part because Defendants allegedly destroyed any of his documentary evidence. *See* ECF No. 20 at 1–2.

The Court reviews the Recommended Decision de novo. *See* Fed. R. Civ. P. 72(b)(3). For Mr. Ericson to state an actionable claim, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Because Mr. Ericson is pro se, the Court construes his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Determining whether a claim is plausible on its face, and thus actionable, is a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). First, the Court accepts the factual allegations as true but does not credit any conclusory legal allegations. *See García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013); *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (stating a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). Second, the Court determines "whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

Despite the liberal construction of Mr. Ericson's pleadings, "dismissal of [his] pro se complaint is appropriate where a plaintiff merely states the formal elements of a claim without the requisite supporting facts." *Doyle v. Town of Falmouth*, No. 19-CV-00229, 2019 WL 5431315, at *2 (D. Me. Oct. 23, 2019) (quotation modified). Mr. Ericson's complaint and amended complaint suffer a dearth of such facts. He baldly asserts that Defendants refused to accommodate his disabilities, lost $700 of his money, discarded his legal files and personal property, punished him for being deaf and disabled, and assaulted him. *See* ECF No. 1 at 3. He does not, however, specify which individuals allegedly engaged in these activities, when they occurred, or where they happened. *See generally* ECF Nos. 1, 11. Without more, Mr. Ericson's claims "are too disjointed, vague, and conclusory to permit either the court or the defendant[s] to understand the alleged

3

wrongs committed against [them], lacking some or all of the crucial detail of who, what, when, where, and how." *Byrne v. Maryland*, No. 20-CV-00036, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020), *report and recommendation adopted*, 2020 WL 2202441 (D. Me. May 6, 2020), *aff'd*, No. 20-1568, 2021 WL 9528311 (1st Cir. Nov. 16, 2021). The complaint does not offer "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 555); *see also MacDonald v. Cumberland Cnty. Sheriff*, No. 22-CV-00304, 2023 WL 7211253, at *2 (D. Me. Nov. 2, 2023) (dismissing claim where plaintiff does not "describe the types of threats she endured or the manner in which the corrections officer assaulted her").

To the extent Mr. Ericson asserts any constitutional claims under 42 U.S.C. § 1983 or otherwise, he must show that: "(1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." *Vélez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 151–52 (1st Cir. 2006) (quotation modified). But his pleadings neither name individual defendants nor direct any factual allegations at an individual defendant. This renders the complaint insufficient to state constitutional claims against any of the Defendants. *See Dewey v. Univ. of N.H.*, 694 F.2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944 (1983) (a valid § 1983 claim requires "minimal facts, not subjective characterizations, as to who did what to whom and why"); *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (requiring § 1983 plaintiffs to show "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety" (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

For similar reasons, Mr. Ericson's claims against the identified federal institutional actors also fail to state a claim.[1] *Bivens* actions,[2] which govern claims "of a constitutional violation perpetrated by a federal actor," *Ruiz Rivera v. Riley*, 209 F.3d 24, 26 (1st Cir. 2000) (quotation modified), cannot be brought "against an agency of the federal government" or "federal officials sued in their official capacities," *Wen Y. Chiang v. Skeirik*, No. CV 07-10451, 2008 WL 11435593, at *6 (D. Mass. July 3, 2008), *aff'd sub nom. Chiang v. Skeirik*, 582 F.3d 238 (1st Cir. 2009). Failure to name the proper defendants in such an action "mandates the dismissal of the action." *Id*. As such, Mr. Ericson's claims against the unspecified individual federal Defendants, which are merely named as the institutions themselves or the federal agents who run them, cannot stand.

Mr. Ericson's attempts to name the Sheriffs of the Somerset, Cumberland, and Strafford County Jails also fail. Because Mr. Ericson names the Sheriffs in their official capacities, the complaint must be construed as a suit against the counties which operate the jails. *See Witham v. Androscoggin Cnty. Sheriff's Off.*, No. 12-CV-00078, 2012 WL 5381509, at *4 (D. Me. July 12, 2012), *aff'd in part*, 2012 WL 5381531 (D. Me. Oct. 31, 2012). Under § 1983, the municipalities may only be held liable for their own unconstitutional actions, not those of their employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In turn, the counties may only be sued if "execution of a government's policy or custom . . . inflicts the injury." *Id*. at 694.

To assert an actionable claim against the municipalities, Mr. Ericson bears the burden of identifying a municipal policy, custom, or practice that caused the

---

[1] The Court assumes for the purposes of this Order that the wardens of the "federal transfer center," the "federal medical center," the "federal trade center," the Wyatt detention facility, the U.S. Marshals, the "transportation deputies," the "air police," and the "air marshals" are all federal actors.

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

constitutional deprivation. *See Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008). The Recommended Decision correctly concludes Mr. Ericson has failed to adduce any facts sufficient to identify a policy or custom. *See* ECF No. 14 at 4. Not only does he fail to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676, he also fails to establish any identifiable facts that would "support a plausible inference that [the counties'] decisionmakers maintained or knowingly acquiesced in a widespread policy or custom of deliberate indifference, nor that any deficiency in County training or supervision rose to that level," *Elisens v. Kennebec Cnty. Corr. Facility*, No. 25-CV-00647, 2026 WL 1893613, at *2 (D. Me. July 1, 2026).

Accordingly, Mr. Ericson fails to state a claim on any of the allegations presented in his complaint and amended complaint. The Court **DISMISSES** the case in its entirety. ECF Nos. 1, 11.

## MOTION FOR PRELIMINARY INJUNCTION

On September 18, 2025, Mr. Ericson filed a motion for an ex parte temporary restraining order ("TRO") and preliminary injunction, urging the Court to order injunctive relief to address some of his medical complaints during his pretrial detention. ECF No. 5. On September 24, 2025, the Court denied his motion to the extent it moved for an ex parte TRO and reserved ruling on the motion for preliminary injunction. ECF No. 9. As of the date of this Order, Mr. Ericson is no longer in custody, and the underlying criminal case to which he was subject to pretrial detention has since concluded. *See* ECF No. 20 at 1 (providing updated out-of-custody address to Court staff). Because the conditions challenged in the complaint are no longer applicable to Mr. Ericson, and because he fails to state a claim on the bases for this suit, his claim for preliminary

injunctive relief is moot. *See D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999) ("[W]e are without power to grant injunctive and declaratory relief because the [challenged] ordinances no longer exist."). The Court **DENIES AS MOOT** the motion for preliminary injunction. ECF No. 5.

### CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision de novo and in light of the record. The Court concurs with the Magistrate Judge's conclusions as set forth in the Recommended Decision and determines that dismissal is appropriate. Therefore, the Court **AFFIRMS** and **ADOPTS** the Recommended Decision. ECF No. 14. Plaintiff's complaint is **DISMISSED**. ECF Nos. 1, 11. Plaintiff's motion for preliminary injunction is **DENIED AS MOOT**. ECF No. 5.

**SO ORDERED.**

Dated this 27th day of July, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**